UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| GREATER OPPORTUNITIES OF THE PERMIAN BASIN, INC., <br><br>Plaintiff, <br><br>v. <br><br>NEW HAMPSHIRE INSURANCE COMPANY, <br><br>Defendant. | § § § § § § § § § § § § § <br><br>CIVIL ACTION NO. 7:19-cv-00122 |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant New Hampshire Insurance Company ("NHIC"), pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, hereby removes to this Court the civil action now pending in the 161st Judicial District of Ector County, Texas, entitled "In re: Policy of Insurance No. 01-LX-067990299-1/000 by and between Insurors New Hampshire Insurance Company, Insurer and Greater Opportunities of the Permian Basin, Inc., Insured," Cause No. B-19-05-0602-CV, on the following grounds:

### I.
### PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. Plaintiff Greater Opportunities of the Permian Basin, Inc. ("GOPB") filed an application to appoint umpire against Defendant New Hampshire Insurance Company ("NHIC") in Ector County, Texas on May 13, 2018. The District Clerk of Ector County gave this case cause number B-19-05-0602-CV and assigned the case to the 161st Judicial District. (Pl.'s App., Ex. A-1).

2. GOPB then obtained an ex parte order appointing an appraiser within two days after filing its application.

3. This notice of removal is being filed within 30 days of the date on when Plaintiff filed its Petition and when NHIC received a copy of this petition through service or otherwise. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

## II.
## FACTUAL BACKGROUND

4. This case involves a dispute regarding the amount of damages in an insurance claim field with NHIC by GOPB. GOPB reportedly demanded appraisal of the claim pursuant to the insurance policy at issue.

5. Before NHIC received a proper demand for appraisal, before NHIC appointed its chosen appraiser, and before the parties' respective appraisers had a chance to confer, as the policy requires regarding the appointment of the umpire, GOPB filed an application asking the state court to appoint an umpire in an appraisal between GOPB and NHIC.

6. On May 15, 2019, the trial court issued an ex parte order naming an appraiser proposed by GOPB.

## III.
## BASIS FOR REMOVAL: DIVERSITY JURISIDICTION

A. **The requirements for diversity removal jurisdiction**

7. To establish diversity removal jurisdiction, NHIC must show that: (1) complete diversity exists between all the properly joined parties; (2) the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees; and (3) removal is timely.

**B.     NHIC satisfies all three requirements for diversity removal**

**1.     Complete diversity exists between the parties**

8.     Complete diversity exists between Plaintiff and NHIC. Plaintiff Greater Opportunities Permian Basin, Inc. is a Texas corporation domiciled in the State of Texas and therefore, is a citizen of Texas for diversity jurisdiction purposes (Ex. B).

9.     NHIC is organized under the laws of the State of Illinois and maintains its principal place of business in the State of New York (Ex. C).

10.    Because Plaintiff is a Texas citizen and NHIC is a citizen of both Illinois and New York, complete diversity exists between the parties.

**2.     The Amount in Controversy exceeds $75,000.00 exclusive of interest, costs and attorneys' fees**

11.    GOPB does not allege an amount in controversy in its Application; however, GOPB references four properties on which its claim is based: 2445 East 11th Street, 865 Central, 6921 W. University, Odessa, Texas; and 108 Northwest 9th Street, Big Spring, Texas (the "Properties"). GOPB recently sent estimates to NHIC for each of the four locations, totaling $711,656.00 (Ex. D). NHIC's replacement cost value for the same four properties totals $206,349.68, for a difference of over $500,000.00 Therefore, it is evident that GOPB seeks an amount in excess of $75,000.00, excluding interest, costs and attorneys' fees, in this dispute. As such, the statutory requirements for the amount in controversy in this case is satisfied. *See* 28 U.S.C. § 1332(a).

**3.     This Notice of Removal is timely under 28 U.S.C § 1446(b)(3)**

12.    As noted above, this notice of removal is being filed within 30 days of the date on which the petition was filed and when NHIC received a copy of this petition through service or otherwise. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

## IV.
## NHIC HAS SATISFIED PROCEDURAL AND VENUE REQUIRMENTS FOR REMOVAL

13. This Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446 because there is diversity of citizenship between the parties, the amount in controversy exceeds $75,000.00, exclusive of interests, costs and attorneys' fees, and the removal is timely.

14. As required by 28 U.S.C. § 1446(a), copies of all processes, pleadings, orders, docket sheet, and other papers for this case on file in the 161st District Court of Ector County, Texas are attached collectively as Exhibit A (*See* Ex. E, Index).

15. Ector County, Texas is located within the Western District of Texas, Midland/Odessa Division. Venue for this action is proper in this Court because the Western District of Texas, Midland/Odessa Division is "the district and division embracing the place where such action is pending." 28 U.S.C. §§ 1441(a) & 1446(a).

16. Immediately upon filing this Notice of Removal, written notice of the filing of this Notice will be served on Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

17. Defendant will promptly file a notice of this Notice of Removal and a copy of this Notice with the Ector County District Clerk's office as required by 28 U.S.C. § 1446(d).

## V.
## CONCLUSION

18. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.00, exclusive of interests, costs and attorneys' fees. Therefore, Defendant New Hampshire Insurance Company gives notice that the matter bearing Cause No. B-19-05-0602-CV in the 161st Judicial District of Ector County, Texas is removed to the United States District Court

for the Western District of Texas, Midland/Odessa Division. NHIC request that this court retain jurisdiction for all further proceedings in this matter.

                Respectfully submitted,

                **ZELLE LLP**

                By: */s/ Brett A. Wallingford*
                    Brett A. Wallingford
                    Texas Bar No. 00797618
                    bwallingford@zelle.com
                    Raven M. Atchison
                    Texas Bar No. 24073864
                    ratchison@zelle.com

                901 Main Street, Suite 4000
                Dallas, TX  75202-3975
                Telephone:    214-742-3000
                Facsimile:     214-760-8994

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record in this case on May 17th 2019 electronically through the electronic filing manager.

                */s/ Brett A. Wallingford*
                Brett A. Wallingford